FLETCHER, Judge.
Monroe County appeals a final judgment denying its complaint to foreclose a code enforcement lien against property owned by appellee Joan McCormick. The trial court’s decision turned on the admissibility into evidence, as a self-authenticating document, of a copy of the order of the Monroe County Code Enforcement Board [Code Board] imposing a daily fine against McCormick for various code violations. Because we find the copy to be so admissible, we reverse the final judgment and direct a new trial consistent with this decision.
The Code Board, after a public hearing, found McCormick to be in violation of various code sections and ordered the imposition of daily fines. As the Code Board’s order called for a lien to be placed against McCormick’s property, a certified copy of the order was recorded in the Monroe County Public Records pursuant to section 162.09(3), Florida Statutes (1995).[1] The original order was retained by the Code Board’s recording secretary, who is its records custodian as established by section 6.3-2(d), Monroe County Code.[2] The copy certified by the Code Board’s recording secretary and submitted to the public records clerk for recording was duly returned to the Board with the recording data thereon (the date filed for record, the official record book number and page, and a statement “recorded in official records in Monroe County, Florida, record verified, Danny L. Kolhage, Clerk Circuit Court”). It is neither signed nor sealed by the Clerk of the Circuit Court or his deputy.
It is this document that Monroe County attempted to place into evidence (by self-authentication) in order to foreclose its lien. It was rejected by the court as not meeting the self-authentication requirements of section 90.902, Florida Statutes (1995), because the clerk of the circuit court (or a deputy clerk) had not certified by signing or seal that the document is a correct one. We note that the copy at issue, however, is certified by the Code Board’s recording secretary as a true and correct copy of the original order of the Code Board. It is thus a self-authenticating document pursuant to section 90.902, Florida Statutes (1995), and is thus admissible to prove to the trial court that the fine was imposed,[3] a necessary step in the foreclosure process.[4] The trial court erred by excluding it.
*216 Under the unusual circumstances of this ease, we are unable to direct a result other than to hold that the proffered document was admissible into evidence, and to order a new trial.
Reversed and remanded for a new trial.

. Which provides in pertinent part:
"A certified copy of the order imposing a fine may be recorded in the public records and thereafter shall constitute a lien .... ” (emphasis supplied).
This certification is by the Code Board's record custodian.

. Which reads:
"The code enforcement director shall appoint a recording secretary to the code enforcement board. The secretary shall keep minutes of all proceedings of the board, which minutes shall be a summary of all proceedings before the board, which shall be attested to by the secretary, which shall include the vote of each member upon eveiy question. The minutes shall be approved by a majority of the members of the board voting. In addition, the secretary shall maintain all records of the board, its meetings, hearings and proceedings, the correspondence of the board and a mailing list of persons wishing to receive notices of meetings, agendas or minutes who have paid an annual fee set by the board of county commissioners to cover copying and mailing costs."

. For the purposes of retrial, we note that the self-authentication is rebuttable. For example, if the recording secretary was not actually the holder of the position, McCormick is free so to prove in her challenge to the foreclosure.

. We do note that the document does not satisfy the requirements of section 90.902, Florida Statutes (1995), for self-authentication to prove that it is duly recorded in the clerk's public records as it is not certified by the clerk or his deputy. As the Code Board’s orders are not liens unless duly recorded, see supra note 1, in order to prove the lien by a self-authenticating document, the County will need to introduce into evidence a copy of *216 the recorded order certified by the clerk of the circuit court or his deputy.